UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DAMON SMITH,

                Petitioner,

        -against-

WILLIAM A. LEE, Superintendent,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**NOTICE OF MOTION TO**
**DISMISS PURSUANT TO**
**Fed. R. Civ. P. Rule 12(b)(6)**
**and 28 U.S.C. § 2244 (D) (1)**
11CIV. 08376 (PAE)(AJP)
ECF Case

SIRS OR MESDAMES:

    PLEASE TAKE NOTICE that, upon the annexed declaration of Assistant District Attorney HANNAH E.C. MOORE, declared under penalty of perjury on January 25, 2012, and upon all previous papers and pleadings had herein, the undersigned will move this Court, on March 7, 2012, or as soon as counsel may be heard, at the Courthouse located at 500 Pearl Street, New York, New York 10007, for an ORDER, pursuant to Fed. R. Civ. P. Rule 12(b)(6), dismissing the habeas corpus petition in the above-captioned proceeding for failure to state a claim upon which relief can be granted, because petitioner failed to commence the proceeding within the period of limitations set forth in 28 U.S.C. § 2244(d)(1).

Dated:   Bronx, New York
         January 25, 2012

ROBERT T. JOHNSON
District Attorney
Bronx County
198 East 161st Street
Bronx, New York 10451
(718) 838-7119

By: _____
    Hannah E.C. Moore (HM 8521)
    Assistant District Attorney

To:  Clerk of the Court
     United States District Court
     Southern District of New York
     500 Pearl Street
     New York, New York 10007

     Damon Smith
     08-A-6152
     Green Haven Correctional Facility
     P.O. Box 4000
     Stormville, New York 12482

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
DAMON SMITH,

          Petitioner,

    -against-

WILLIAM A. LEE, Superintendent,
          Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
STATE OF NEW YORK )
          )ss:
COUNTY OF BRONX )

DECLARATION IN
SUPPORT OF MOTION TO
DISMISS
11CIV. 08376 (PAE)(AJP)

    HANNAH E.C. MOORE, an attorney admitted to practice in the State of New York, and before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am an Assistant District Attorney in the Office of ROBERT T. JOHNSON, District Attorney, Bronx County, and I have prepared this declaration in support of respondent's motion to dismiss petitioner's petition for a writ of habeas corpus on personal knowledge and on information and belief based on records in this Office and court records, which I believe to be true and accurate.

    2.    Pursuant to an agreement with the Office of the Attorney General of the State of New York, this Office represents respondent in this action.

3. By indictment 5925/91, filed in The Supreme Court of the State of New York, Bronx County (hereinafter "Supreme Court, Bronx County") on August 13, 1991, petitioner was charged with two counts Attempted Murder in the Frist Degree, two counts Attempted Murder in the Second Degree, two counts Attempted Aggravated Assault Upon a Police or Peace Officer, two counts Attempted Assault in the First Degree, Reckless Endangerment in the First Degree, Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminal Use of a Firearm in the First Degree, and Criminal Use of a Firearm in the Second Degree.

4. On July 13, 1993, defendant pled guilty in Supreme Court, Bronx County (Scheindlin, J.), to Criminal Possession of a Weapon in the Second Degree (New York Penal Law § 265.03), for a promised sentence of four to eight years imprisonment.

5. On October 8, 1993, defendant was sentenced, as a second felony offender, as promised, to an indeterminate term of imprisonment of from four to eight years.

6. Defendant appealed to the Supreme Court of the State of New York Appellate Division, First Department, (hereinafter "Appellate Division") where he argued, through appellate counsel David M. Greenberg, Esq, that the "People failed

4

to sustain their burden of going forward with credible evidence at the Mapp hearing and thus failed to demonstrate that the police had probable cause to arrest" (Exhibit 1, Petitioner's brief; see also Exhibit 2, People's response thereto).

7.   On September 19, 1995, the Appellate Division unanimously affirmed petitioner's judgment of conviction. People v. Smith, 219 A.D.2d 504 (1st Dept.)(1995). Leave to appeal to the New York State Court of Appeals was denied on November 27, 1995. People v. Smith, 87 N.Y.2d 851 (1995)(Bellacosa, J.).

8.   By Indictment Number 3176/2005, the Grand Jury of Bronx County, on June 17, 2004, charged petitioner with two counts Murder in the Second Degree, Manslaughter in the First Degree, and Criminal Possession of a Weapon in the Fourth Degree.

9.   On November 12, 2008, a judgment was rendered in Supreme Court, Bronx County (Dawson, J.), convicting petitioner, after a jury trial, of Manslaughter in the First Degree (New York Penal Law § 125.20[1]), and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of from 25 years to life.

10.   Although Respondent has not yet located the minutes generated in connection with defendant's 1993 conviction, which respondent has ordered, defendant provided said minutes as exhibits to his NYCPL § 440.10 motion.

5

Accordingly, those minutes are submitted herewith. Respondent has also not yet located the minutes generated in connection with defendant's 2008 conviction. The minutes were ordered by respondent from New York State Supreme Court (Bronx County), which is responsible for maintaining these records. These transcripts have not been located as of this date, but will be furnished to this Court if and when they are delivered to respondent from the storage facilities maintained by Bronx Supreme Court. Respondent is unaware of any minutes that have been recorded but not transcribed. However, it is respondent's position that the transcripts are unnecessary to the resolution of this matter, because the pertinent parts of the state proceedings were reproduced in the parties' state appellate briefs, and the parties do not disagree as to what the pertinent facts are. They disagree only on the legal significance of the facts. To the extent that this Court's determination would be aided by a summary of the state trial, the state appellate briefs, which are appended to the respondent's affidavit in opposition, contain an ample "narrative summary" of the evidence, which Rule 5 of the Rules Governing § 2254 Cases contemplates as a meaningful substitute for the transcript. Cf. Stevenson v. Strack, 1999 WL 294805, fn 1 (96 Civ. 8429 [DC], May 11, 1999) (relying on the text of a jury charge reproduced in a state appellate brief); see also, Bundy v. Wainwright, 808 F.2d 1410, 1415 (11th Cir. 1987) (stating that, if transcripts are unavailable, a narrative summary may be utilized).

6

11. Following his conviction, petitioner appealed to the Appellate Division, First Department, where he argued, through appellate counsel Susan H. Salomon, Esq, of the Center for Appellate Litigation, that "the prosecutor's summation and the court's failure to provide curative instructions combined to improperly license the jury's rejection of [petitioner's] justification defense even if it credited his account of the incident – based simply on the number of the wounds he admittedly inflicted" (Exhibit 3: Petitioner's brief). Within that point, petitioner argued, (A) "Where the [petitioner] possess a reasonable basis for believing necessary the use of deadly physical force to repel a burglary, his us of such force - even if excessive- will not defeat the justification defense, absent evidence that the excessive portion caused the intruder's death;" and (B) "though [petitioner's] testimony met the requisites of the justification defense under the above principles, the prosecutor's summation and the court's silence wrongfully permitted the defense's rejection even if the jury credited his testimony - based simply on the number of wounds inflicted" (Exhibit 3; see also Exhibit 4, People's response thereto).

12. On June 1, 2010, the Appellate Division unanimously affirmed petitioner's judgment of conviction. People v. Smith, 74 A.D.3d 441 (1st Dept. 2010). Leave to appeal to the New York State Court of Appeals was denied on August 10, 2010. People v. Smith, 15 N.Y.3d 810 (2010) (Pigott, J.).

13.     According to information maintained by the New York State Department of Correctional Services, petitioner is currently incarcerated at The Green Haven Correctional Facility, in Stormville, New York, pursuant to this judgment.

14.     In pro se papers dated June 1, 2011, petitioner moved in Supreme Court, Bronx County (Dawson, J.) to vacate his 1993 judgment of conviction for weapons possession pursuant to NYCPL § 440.10, claiming that his plea was not knowing, voluntary, or intelligent, because the Court had failed to advise him that his sentence would run consecutive to his undischarged parole time on an earlier conviction (Exhibit 5: Petitioner's Motion; Exhibit 6: Petitioner's Supplemental Papers; Exhibit 7: People's Response; Exhibit 8: Petitioner's Reply). According to the Clerk's Office of Supreme Court, Bronx County, Criminal Division, that motion is still pending before Justice Dawson.

15.     In the undated instant petition, which was received by this Court on November 17, 2011, petitioner repeats the arguments contained in his CPL § 440 motion as to his 1993 conviction, and the arguments raised on direct appeal from his 2008 manslaughter conviction (petition, ¶ 13). Petitioner fails to allege when he gave the petition to prison authorities to be mailed (petition, p. 7).

16.     For the reasons more fully set forth in the accompanying Memorandum of Law, the instant application is time-barred under 28 U.S.C. § 2244. Respondent

requests that petitioner's habeas corpus application be held in abeyance pending a decision on this motion, as no answer to the petition would be necessary if this motion is granted. In the event this Court denies the instant motion, respondent, at this time, requests a reasonable amount of time from respondent's receipt of this Court's decision on the motion in which to submit an answer to the habeas corpus petition.

17. No prior application for the relief sought herein has been made.

**WHEREFORE**, respondent respectfully requests that the motion to dismiss the petition be granted in its entirety.

_____ (HM852)
HANNAH E.C. MOORE (HM 8521)
Assistant District Attorney

Dated:   January 25, 2012
         Bronx, New York

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DAMON SMITH,

      Petitioner,

  -against-          11CIV.08376(PAE)(AJP)

WILLIAM A. LEE, Superintendent,

      Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM OF LAW

### STATEMENT

  This Memorandum of Law is submitted in support of respondent's motion to dismiss the above-captioned habeas corpus petition.

## THE FACTS

The full facts relied upon are set forth in the accompanying affidavit of Assistant District Attorney Hannah E.C. Moore and the exhibits appended hereto. For a full recitation of the facts of both cases please see Exhibits Two and Four, the People's responding briefs.

Briefly, as to defendant's 1993 conviction, on July 11, 1991, defendant, a burglary suspect, aimed a gun at a police officer, told him to "Back off, mother fucker," and then fled. Defendant then fired a shot at a pursuing officer, but was eventually arrested, and the gun recovered (Exhibit 2, pp. 3-5).

As to defendant's 2008 conviction, on August 18, 2005, in the hallway of his apartment building, defendant repeatedly stabbed the unarmed victim, New York City bus driver Curtis Ingram, twelve times with a butcher knife. The medical examiner testified that as a result of this brutal, unprovoked attack, Mr. Ingram "bled to death" from the wounds petitioner had inflicted (Exhibit 4, pp. 4-12).

2

## ARGUMENT

### THE INSTANT PETITION IS TIME-BARRED UNDER 28 U.S.C. § 2244(D).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, added a new statute of limitations provision to petitions filed pursuant to 28 U.S.C. § 2254. That provision, 28 U.S.C. § 2244 (d) imposes a one-year period of limitation on habeas corpus applications by persons in custody pursuant to the judgment of a State court. The one-year period runs from the latest of --

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioners whose convictions pre-dated the enactment of AEDPA, have one year after the effective date of AEDPA to file their initial petition.

3

See Ross v. Artuz, 150 F.3d 97 (2nd Cir. 1998); see also Mickens v. United States, 148 F.3d 145 (2nd Cir. 1998) (applying one-year period to federal prisoner). Thus, here, as to the 1993 conviction, petitioner had until April 24, 1997, to file a timely petition. He failed to do so, and the instant petition, filed in November of 2011, is clearly time-barred.[1]

Applying subparagraph (A) of 28 U.S.C. § 2244 (d) to petitioner's 2008 manslaughter conviction, petitioner was required to file his habeas application within one year from the date on which his judgment of conviction became final by the conclusion of direct review. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's 2008 conviction became final on November 8, 2010, the last date upon which petitioner could have sought certiorari from the United States Supreme Court from the New York Court of Appeals' denial of leave on August 10, 2010. See Supreme Court Rule 13(1) (establishing ninety-day period for filing petition for writ of certiorari); see also Pratt v. Greiner, 306 F.3d 1190, 1195 n. 1 (2nd Cir. 2002). Thus, defendant had until one year later, November 8, 2011, to file the instant petition.

---

[1] Petitioner's claim that his NYCPL Section 440 motion served to toll the limitations period is unpersuasive because petitioner did not file his NYCPL Section 440 motion, which only challenged his 1993 conviction, until June 1, 2011. Petitioner's time to timely file a habeas petition had elapsed on April 24, 1997, over four years before he filed the NYCPL Section 440 motion that could have tolled the time. See Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000)("tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Since the one-year limitations period ran before petitioner filed any collateral attack, the tolling provision (28 U.S.C. § 2244 [d][2]) does not benefit petitioner.

4

Although the petition fails to even allege what date petitioner handed the petition to the prison authorities for mailing,[2] see petition, p. 7, the petition was stamped received by this Court on November 17, 2011, nine days after the November 8, 2011 deadline. If the petition was mailed soon after it was received by the prison authorities, petitioner must have given it to the prison authorities after the November 8, 2011, deadline.[3]

Additionally, on the same day that this Court received the instant petition, November 17, 2011, this Court also received a motion from petitioner requesting poor person status (see docket sheet; see also time stamp on motions). That motion is dated November 10, 2011, two days after the November 8, 2011 limitation. Presumably, since the poor person motion was received on the same date as the habeas petition, the instant petition was mailed with the poor person motion, and thus, petitioner could not have given either application to prison authorities any earlier than the date on his poor person motion - - November 10, 2011, two days after the deadline. See e.g. Hardy v. Conway, 162 Fed. Appx. 61, 62 (2nd Cir. 2006) ("in the

---

[2]Respondent recognizes that the "prison mail box rule" extends to petitions for writs of habeas corpus. Thus, "a prisoner appearing *pro se* satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified." Noble v. Kelly, 246 F.3d 93, 97-98 (2d. Cir. 2001).

[3]Indeed, according to the United States Postal Service website, it would normally have only taken two days for mail to travel from Stormville, New York, where Green Haven Correctional Facility is located, to this Court. See www.usps.com.

5

absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing"). Thus, the instant petition, filed at the earliest on November 10, 2011, is time-barred. See Green v. Brown, 2008 WL 313938 (S.D.N.Y. Feb. 5, 2008) (habeas petition dismissed as time barred where filed one day beyond the one year AEDPA limit)[4]

Although the limitations period is subject to equitable tolling (see Holland v. Florida, 130 S. Ct. 2549, 2560 [2010]; Smith v. McGinnis, 208 F.3d 13, 17 [2nd Cir. 2000]), petitioner sets forth no grounds for such extraordinary relief. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (equitable tolling applies only in "'rare and exceptional' circumstances" [quoting Smith v. McGinnis, 208 F.3d at 17; Calderon v. United States District Court, 128 F.3d 1283, 1288 (9th Cir. 1997) ("[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), vacated on other grounds 163 F.3d 530 (9th Cir. 1998); Rhodes v. Senkowski, 82 F. Supp. 2d 160 (S.D.N.Y. 2000).

To receive the relief of equitable tolling, the petitioner must demonstrate that (1) "extraordinary circumstances" prevented him from filing in timely fashion; and

---

[4] Copies of unreported decisions cited herein will be forwarded to petitioner pursuant to Local Rule 7.1 (c).

6

(2) he acted with reasonable diligence during the time in which he seeks to toll. Smith, 208 F.3d at 17. It is incumbent upon petitioner to show entitlement to this relief, and federal courts are to "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Calderon, 128 F.3d at 1289. The burden is on the petitioner to establish his entitlement to equitable tolling. See Tran v. Alfonse Hotel Corp., 281 F.3d 23, 37 (2d Cir. 2002); Sorce v. Artuz, 73 F. Supp.2d 292 (E.D.N.Y. 1999). Viewed under these standards, petitioner has failed to offer any reason for this Court to ignore the clear mandate of Congress.

Petitioner is not entitled to equitable tolling because there have been no "extraordinary circumstances" preventing him from filing and because he has not exercised reasonable diligence throughout the period he seeks to have tolled. See Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2nd Cir. 2001), cert denied 122 S. Ct. 2593 (2002); Smith v. McGinnis, 208 F.3d at 17. As the Second Circuit has made clear, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Hizbullahankhamon, 255 F.3d at

7

75. Ordinary kinds of obstacles faced by many, if not most, habeas petitioners do not give rise to equitable tolling, because Congress is presumed to have considered such equities in enacting a one-year limitations period. Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001). Moreover, the fact that the petition may have only been two days late is not a basis for equitable tolling. Smith v. Conway, 2008 WL 2531194, *3 (S.D.N.Y. June 24, 2008), citing United States v. Locke, 471 U.S. 84, 101 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.")

In light of these facts, petitioner's application must be dismissed as untimely under 28 U.S.C. § 2244 (d).

8

## CONCLUSION

**PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS SHOULD BE DISMISSED AS UNTIMELY PURSUANT TO THE STATUTE OF LIMITATIONS APPLICABLE TO FEDERAL HABEAS CORPUS PETITIONS.**

BY: _____
HANNAH E.C. MOORE (HM 8521)
Assistant District Attorney

_____
ALLEN H. SAPERSTEIN (AS 7454)
Assistant District Attorney

ROBERT T. JOHNSON
District Attorney
Bronx County
198 East 161st Street
Bronx, New York 10451
(718) 838-7119

ALLEN H. SAPERSTEIN
HANNAH E.C. MOORE
Assistant District Attorneys
Of Counsel
JANUARY 2012

9