UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :

DAMON SMITH,                                      :

                                 Petitioner,      :            11 Civ. 8376 (PAE)

                                                     :

                       -v-                    :          OPINION & ORDER

                                                     :

WILLIAM A. LEE, Superintendant,            :

                                                  :

                               Respondent.     :

                                                   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Petitioner Damon Smith, a state prisoner proceeding *pro se* and currently serving a

sentence at the Green Haven Correctional Facility in Stormville, New York, has filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the

petition as untimely under 28 U.S.C. § 2244(d), which supplies the statute of limitations for

habeas petitions.  For the reasons that follow, respondent's motion is denied.

**I.**      **Background and Procedural History**

       In his petition, Smith attacks his 2008 conviction in New York State court for first-degree

manslaughter.  Smith's petition also addresses an unrelated 1993 conviction—the result of a

guilty plea—for criminal possession of a weapon in the second degree.  The Court interprets the

petition to assert that this offense served as a basis for finding Smith to be a persistent violent

felony offender.

       On November 12, 2008, the judgment of conviction was rendered against Smith in Bronx

County Supreme Court.  *People v. Smith*, 74 A.D.3d 441 (1st Dep't 2010).  On June 1, 2010, the

Appellate Division, First Department affirmed the conviction, *id.*; on August 10, 2010, Smith's

request for leave to appeal to the Court of Appeals was denied.  *See People v. Smith*, 15 N.Y.3d 810 (2010).  Smith had 90 days from the date of that denial to file a petition for a writ of certiorari to the Supreme Court of the United States, but apparently did not do so.  *See* Supr. Ct. R. 13(1); Resp't's Mot. to Dismiss 4.

As to the 1993 conviction, judgment was rendered against Smith in Bronx County Supreme Court on October 8, 1993; Smith was sentenced to an indeterminate term of four to eight years in prison.  *People v. Smith*, 219 A.D.2d 504 (1st Dep't 1995).  On September 19, 1995, the Appellate Division, First Department affirmed that conviction.  *Id.*  On November 27, 1995, Smith's request for leave to appeal to the New York Court of Appeals was denied.  *People v. Smith*, 87 N.Y.2d 851 (1995).

On November 17, 2012, Smith's undated habeas petition was received by the District's *pro se* office.  On January 26, 2012, respondent moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Smith has not opposed the motion.

## II.      Applicable Legal Standard on a Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Accordingly, in considering a motion to dismiss, a district court "must accept as true all well-pleaded factual allegations in the complaint, and 'draw[ ] all inferences in the plaintiff's favor.'"  *Brown v. Kay*, No. 11-cv-7304, 2012 WL 408263, at *7 (S.D.N.Y. Feb. 9, 2012) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)).

Because plaintiff is proceeding *pro se*, the Court must liberally construe his petition and any further pleadings, and "interpret them to raise the strongest arguments that they suggest."  *Cold Stone Creamery Inc. v. Gorman*, 361 F. App'x 282, 286 (2d Cir. 2010) (summ. order)

(internal quotation marks omitted).  As a general rule, *pro se* complaints are held to less stringent standards than those drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008).  However, despite the more lenient standard, to survive a motion to dismiss a *pro se* plaintiff must still plead enough facts to state a claim to relief that is plausible on its face.  *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  Accordingly, dismissal of a *pro se* complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.  *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997); *Honig v. Bloomberg*, No. 08-cv-541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), *aff'd*, 334 F. App'x 452 (2d Cir. 2009).

## III.    Discussion

### A.    Statute of Limitations

Under 28 U.S.C. § 2254, "a person in custody pursuant to the judgment of a State court" may petition a federal court for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Ross v. Artuz*, 150 F.3d 97, 99 (2d Cir. 1998).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") introduced a statute of limitations with respect to habeas petitions and motions to vacate federal sentences.  28 U.S.C. § 2244(d); *Ross*, 150 F.3d at 99.  AEDPA's limitations period, with some exceptions, ends one year after the date on which the petitioner's conviction became final.  28 U.S.C. § 2244(d).  The statute of limitations provision, § 2244(d), reads, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Reading § 2244(d)(1)(A) and Supreme Court Rule 13(1) together, a conviction becomes final 90 days after the highest state court affirms the conviction, assuming no petition for a writ of certiorari is filed.  Additionally, petitioners whose convictions predated AEDPA had until one year after April 24, 1996—the statute's effective date—to file their initial petition.  *See Mickens v. United States*, 148 F.3d 145, 146 (2d Cir. 1998); *Vega v. Artuz*, No. 97-cv-3775, 2002 WL 252764, at *6 (S.D.N.Y. Feb. 20, 2002).

Section 2244(d)(2) addresses the interplay between AEDPA's limitations period and state collateral review.  Under N.Y. Crim. Proc. L. § 440.10, an individual can challenge collaterally a judgment of conviction.  Although the one-year AEDPA statute of limitations begins at the termination of direct review, "[a] properly filed application for state post-conviction relief may toll the limitations period."  *Onega v. Ercole*, 2012 WL 2377789, at *3 (E.D.N.Y. June 25, 2012) (citing *Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir. 2000)).  The AEDPA limitations period is thus tolled pending resolution of a properly filed § 440.10 application.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

**B.    Analysis**

Respondent seeks here to dismiss Smith's petition solely on the grounds that it is untimely; respondent has not moved to dismiss on other grounds.  Smith's 2008 conviction became final on November 8, 2010, the last date on which Smith could have sought certiorari from the Supreme Court after the New York Court of Appeals denied him leave to appeal on August 10, 2010.  Because AEDPA's limitations period expires one year from that date, *see* § 2244(d)(1)(A), Smith had until November 8, 2011 to file his habeas petition.

4

Smith's petition is undated.  It was received by the Court on November 17, 2011.  That, however, is not the controlling date for measuring timeliness:  A prisoner's *pro se* petition is timely under AEDPA "if he delivers the notice to prison officials within the time specified." *Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001).

Respondent marshals substantial circumstantial evidence that Smith missed the deadline. First, respondent notes that the United States Postal Service website states that it takes two days for mail to travel from the correctional facility where Smith is held to this Court.  Resp't's Mot. to Dismiss 5 n.3.  Second, respondent notes, an *in forma pauperis* petition from Smith dated November 10, 2011—two days after the habeas deadline—was received by the Court the very same day as the habeas petition, *id*. 5; this, respondent argues, is evidence that the habeas petition was delivered to prison officials the same day as the *in forma pauperis* petition, which would make it untimely.  Third, respondent notes that although the limitations period is subject to equitable tolling, *see Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), petitioner "sets forth no grounds for such extraordinary relief."  Resp't's Mot. to Dismiss 6.  Also supporting respondent's motion to dismiss, the Court recognizes that the one-year limitations period is to be strictly observed.  *See Green v. Brown*, No. 06-cv-6962, 2008 WL 313938, at *1 (S.D.N.Y. Feb. 5, 2008) (dismissing petition filed one day after deadline).

On the other hand, courts within this Circuit have routinely given prisoners the benefit of the doubt when their undated papers reach a court a few days outside of the limitations period. In *Harris v. Senkowski*, a court in this Circuit stated, "[g]iving petitioner the benefit of the doubt," that it assumed an undated petition had been sent five days before it was received at the courthouse, although that assumption did not save the petition from being untimely.  No. 02-cv-6710, 2003 WL 22952838, at *3 (E.D.N.Y. Oct. 14, 2003).  In *Reese v. Greiner*, an undated

petition was assumed to have been signed four days before it was received by the court.  No. 97-cv-5622, 1997 WL 694716, at *1 (S.D.N.Y. Nov. 6, 1997).  Finally, in *Soltero v. Kuhlman*, a petition received by the court eight days after the deadline, but postmarked only two days after the deadline, was deemed timely received by prison officials.  No. 99-cv-10765, 2000 WL 1781657, at *2 (S.D.N.Y. Dec. 4, 2000).

In his petition, Smith references a § 440.10 application that he claims is pending before the Bronx County Supreme Court.  Smith appears to argue that that application, which apparently addresses only the 1993 conviction, should toll the statute of limitations for his habeas petition on the 2008 conviction per 28 U.S.C. § 2244(d)(2), the section of AEDPA which tolls the limitations period pending a state post-conviction proceedings.  Respondent argues that this application, because it addresses only the 1993 conviction, cannot toll the limitations period with respect to the 2008 conviction.  The Court agrees.  Section 2244(d)(2) tolls the limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending."  *Id.* (emphasis added).  Accordingly, Smith's § 440.10 application as to his 1993 conviction did not toll the limitations period as to his 2008 conviction.

Although respondent makes a strong argument that Smith's petition may well have been untimely delivered to prison officials, and although the Court does not find Smith's tolling argument persuasive, at this initial stage of the case, and in light of petitioner's *pro se* status, the Court is unprepared to so hold as a factual matter.  It is not outside the realm of possibility that Smith timely gave prison officials his petition, and that the additional nine days passed before receipt at the Court as a result of (1) a delay by prison officials in placing his petition in the mail and/or (2) a delay in mail delivery.  *See Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138,

6

145–46 (2d Cir. 2002) (internal quotation marks omitted) ("When considering motions to dismiss a *pro se* complaint such as this, courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s]."); *Brown v. Kay*, 2012 WL 408263, at *7 (quoting *Allaire Corp. v. Okumus*, 433 F.3d at 249–50) (holding that a court must "'draw[ ] all inferences in the plaintiff's favor'"). Accordingly, the Court declines to dismiss the petition. In the event that the case moves forward, respondent is at liberty to further pursue the date that Smith delivered the petition to prison officials, if it believes that such an inquiry has the potential to clearly establish that date.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition is DENIED. The Clerk of Court is instructed to terminate the motion pending at docket entry 12. Respondent is directed to respond to the petition, on the merits, within 30 days from the date of this Order. Petitioner may file and serve reply papers, if any, within 60 days from the date of this Order.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 24, 2012
New York, New York